Barbour, J.
This is a motion on the part of the defendants for an order vacating and setting aside an execution issued upon the judgment in this action; and is based upon the fifth *96 section of chapter 646 of the statutes -of 1865, relating to taxes and expenditures for this city,—which provides that the amount of all final judgments recovered against the mayor, aldermen, &e., after the confirmation by the supervisors of the tax-levy for the year 1865, shall be included by the comptroller in his next annual report or budget, and shall be included in the tax levy for the year current; and further directs that, until the moneys to pay such judgments shall have been so raised, no execution shall issue against the mayor, &c., unless the amount of such judgment shall have been included in the next tax-levy passed by the legislature. The judgment was recovered subsequent to the passage of that act; but the contract upon which it was founded was entered into before the act was passed.
It is not necessary to consider the question whether the restriction in regard to executions and judgments above referred to, is expressed in the title of the act, or whether such act embraces more than one subject, within the meaning of the sixteenth section of the third article of the Constitution. It is sufficient to say in this case, that the Intention and design of the provision of the act in question is, manifestly, to deprive the plaintiff in a judgment recovered upon a contract which was in existence and in full force when such act was passed, of his remedy upon such judgment and his rights thereunder forever, unless the legislature shall in its discretion, at some future time, by a new law, provide for its payment. The question as to the unconstitutionality of statutes of this character is now so well settled by numerous decisions in the supreme court of the United States and elsewhere, that nothing is necessary here beyond a mere statement of the case and a reference to the authorities (Bronson v. Kenzie, 1 How. S. Ct., 315; McCracken v. Hayward, 2 Id., 608; Curran v. The State of Arkansas, 15 Id., 304. See also Sedgwick on Stat, and Cons. Law, 647 et seq., and 4 Kent’s Com., 430).
The motion must be denied, with ten dollars costs.